ISAAC GOLDSMITH, Appellant, *v.* THE WELLS COMPANY (LIMITED), Respondent.

*Failure to deny a defendant's incorporation — plaintiff's proof supplied by defendant.*

Where an action is brought against a corporation, and the answer does not deny that the defendant is a corporation, the plaintiff need not prove the incorporation.

Where the plaintiff fails to prove a necessary element of the defendant's liability, but the defect is not pointed out upon a motion for a nonsuit, and wanting proof is subsequently supplied by the defendant's testimony, the appellate court will not reverse on that ground a judgment for the plaintiff.

APPEAL by the plaintiff, Isaac Goldsmith, from a judgment of the Albany County Court, entered in the clerk's office of said county ·on the 20th day of November, 1894, reversing a judgment of the City Court of Albany in favor of the plaintiff, and also from an ·order entered in said clerk's office on the 20th day of November, .1894, upon which order said judgment of reversal was entered.

*John R. Langan* and *William K. Clute,* for the appellant.

*P. C. Dugan,* for the respondent.

HERRICK, J. :

I think the judgment of the County Court should be reversed, and that of the City Court affirmed.

There was no denial on the part of the defendant that it was a corporation, and, therefore, under section 1776 of the Code of Civil Procedure, it was not incumbent upon the plaintiff to prove the incorporation of the defendant.

At the close of the plaintiff's case, the plaintiff had not proved by legal evidence that the person who employed him to act as an interpreter had authority from the defendant to do so, but that weakness of the plaintiff's case does not appear to have been pointed out on the motion for a nonsuit, and the defect was supplied by the defendant's evidence.

It appears therefrom that the person employing plaintiff was the general manager of the defendant, and from his testimony it is fairly to be inferred that he had charge of the litigation in question.

Under that employment, to act as interpreter, while the plaintiff did not actually interpret, he was kept several days at the court waiting for the case in which he was employed, to be tried.

He is entitled to compensation for such employment, and the findings of the court as to the terms of such employment, and the compensation therefor, are findings of fact having some evidence to sustain them, and such being the case, the court upon appeal will not disturb them.

Let the judgment of the County Court be reversed, and the judgment of the City Court be affirmed, with costs and disbursements of this appeal and in the County Court.

PUTNAM and STOVER, JJ., concurred.

Judgment of the County Court reversed, and the judgment of the City Court of Albany affirmed, with costs and disbursements in this court and in the County Court.